UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON JARRELL SPIKES                                        CIVIL ACTION

VERSUS                                                       No. 19-12043

MATTHEW CAPLAN                                              SECTION I

### ORDER & REASONS

Before the Court is *pro se* prisoner Jason Jarrell Spikes's ("Spikes") Petition for Writ of Habeas Corpus[1] pursuant to 28 U.S.C. § 2241. For the following reasons, the motion is transferred to the United States Fifth Circuit Court of Appeals as a successive § 2254 petition.

### I.

Spikes is a state prisoner, convicted of attempted possession of contraband in a state correctional facility, and is presently incarcerated in the Elayn Hunt Correctional Center where he is serving a twenty-year term of imprisonment without benefit of probation or suspension of sentence.[2] Spikes was sentenced on June 26, 2017; his conviction, habitual offender adjudication, and sentence were affirmed by the Louisiana First Circuit Court of Appeal on December 21, 2017.[3]

---

[1] R. Doc. No. 5.
[2] CV 18-8884 R. Doc. No. 51.
[3] *See* CV 18-8884 R. Doc. No. 1, at 9–13.

1

On September 21, 2018, Spikes filed his first petition for federal habeas relief under 28 U.S.C. § 2254, which was docketed as Civil Action No. 18-08884.[4] He filed three additional § 2254 petitions, docketed as Civil Action Nos. 18-09422, 18-10470, and 18-13668, which were consolidated in the above-captioned case because they challenged the same state criminal judgment.[5] Spikes presented seven claims as bases for relief under § 2254:[6]

> (1) The assistant district attorney made false statements in his brief on direct appeal;
>
> (2) The assistant district attorney engaged in prosecutorial misconduct at trial;
>
> (3) The trial judge misstated Spikes's sentence;
>
> (4) There was insufficient evidence to support Spikes's conviction;
>
> (5) The state's witnesses committed perjury;
>
> (6) Spikes's trial counsel was ineffective; and
>
> (7) "The supervisor was personally involved."

In its response to Spikes's § 2254 petition, the state argued that Spikes failed to meet the exhaustion requirement under 28 U.S.C. § 2254 because he had not sought review of his criminal judgment by the Louisiana Supreme Court.[7] Spikes

---

[4] *Id.*
[5] *See* CV 18-8884 R. Doc. No. 15.
[6] *See* CV 18-8884 R. Doc. No. 45, at 6–16. In response to the order staying the proceedings to allow Spikes an opportunity to exhaust his state court remedies, *see* CV 18-8884 R. Doc. No. 49, Spikes consolidated his claims for habeas relief in his motion to reopen. *See* CV 18-8884 R. Doc. No. 51, at 8.
[7] *See* CV 18-8884 R. Doc. No. 36, at 7–8.

conceded that he had not exhausted his remedies in state court and asked the court to "keep this case open" until his state court remedies were exhausted.[8] On February 7, 2019, the Magistrate Judge stayed the proceedings as to Spikes's § 2254 petition to allow Spikes an additional opportunity to exhaust his remedies in state court.[9]

Spikes subsequently filed a writ application with the Louisiana Supreme Court challenging the judgment of the Louisiana First Circuit Court of Appeals that affirmed his conviction, habitual offender adjudication, and sentence. On February 18, 2019, the Louisiana Supreme Court denied consideration of Spikes's writ application because it was untimely filed.[10]

On February 27, 2019, Spikes moved to reopen the proceedings, which the Magistrate Judge granted.[11] After reviewing the record and the parties' submissions, the Magistrate Judge issued a Report and Recommendation to dismiss with prejudice Spikes's petition for habeas corpus relief.[12] This Court overruled Spikes's objections to the Report and Recommendation and adopted the Report and Recommendation as its own.[13]

On August 14, 2019, Spikes moved for relief from judgment under Federal Rule of Civil Procedure 60(b), challenging this Court's order adopting the Report and Recommendation.[14] This Court transferred the motion to the United States Fifth

---

[8] CV 18-8884 R. Doc. No. 40, at 1.
[9] CV 18-8884 R. Doc. No. 44.
[10] *State v. Spikes*, 2018-2079 (La. 2/18/19), 265 So. 3d 772; CV 18-8884 R. Doc. No. 47.
[11] CV 18-8884 R. Doc. No. 46.
[12] CV 18-8884 R. Doc. No. 51.
[13] CV 18-8884 R. Doc. No. 54.
[14] CV 18-8884 R. Doc. No. 51; CV 18-8884 Rec. Doc. No. 63.

Circuit Court of Appeals as a successive § 2254 petition.[15] Spikes now challenges his state conviction under 28 U.S.C. § 2241.[16]

## II.

28 U.S.C. § 2241 provides in pertinent part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

The statute further provides that a writ of habeas corpus may issue to a person in custody in five situations:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

---

[15] CV 18-8884 R. Doc. No. 64.
[16] R. Doc. No. 5.

28 U.S.C. § 2241(c).

Spikes's habeas petition falls under § 2241(c)(3) because he is in the custody of the State of Louisiana and argues that his detention violates his rights under the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution.[17] If a petitioner is currently in custody pursuant to a state court judgment and files a habeas writ under 28 U.S.C. § 2241, the writ must be considered as a § 2254 petition. *Hartfield v. Osborne*, 808 F.3d 1066, 1072 (5th Cir. 2015); *Hopes v. Davis*, 761 F. App'x 307, 308–09 (5th Cir. 2019).

Section 2241 empowers a federal court to grant writs of habeas corpus, while section 2254 "specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a state court.'" *Felker v. Turpin*, 518 U.S. 651 (1996) (quoting 28 U.S.C. § 2254). "[Section] 2241 empowers a federal court to grant writs of habeas corpus while § 2254 applies to a subset of those to whom § 2241(c)(3) applies – it applies to a person in custody pursuant to the judgment of a State court." *Hartfield,* 808 F.3d at 1073 (internal citations omitted). Section 2254 is not itself a grant of habeas authority, but rather a limitation of habeas authority granted in § 2241. *Id.* Petitioners may not avoid the statutory provisions applicable to § 2254 actions by filing under § 2241 instead. *Banda v. United States*, 2017 WL 8786853, at *3 (S.D. Tex. Sept. 26, 2017) (citing *Williams v. O'Brien*, 2007 WL 60487, at *1 (N.D. Tex. Jan. 5, 2007)).

---

[17] R. Doc. No. 5, at 1, 6, 7.

5

Pursuant to § 2244 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for habeas relief under 28 U.S.C. § 2254 must be dismissed if the claim was adjudicated in a previous petition. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (citing 28 U.S.C. § 2244(b)(1)). In order for the district court to consider a successive § 2254 petition, the petitioner must first obtain authorization from the court of appeals based on a determination that the petition "presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Id.*; *see* 28 U.S.C. § 2244(b)(3)(A). A claim that has not been previously adjudicated must be dismissed "unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez,* 545 U.S. at 529 (citing 28 U.S.C. § 2244(b)(2)).

### III.

In his present petition, Spikes argues that his state criminal conviction is based on insufficient evidence and violates the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution.[18] It also appears that Spikes argues, without providing specific details, that Assistant District Attorney Matthew Caplan ("Caplan") "depriv[ed] [Spikes] out of life and liberty and enjoyment of rights" in violation of Spikes's Sixth, Eighth, and Fourteenth Amendment rights.[19]

---

[18] R. Doc. No. 5, at 6–7; R. Doc. No. 5-1, at 3.
[19] *Id.* Spikes's allegations against Caplan, although unclear, could arguably also be interpreted as suggesting that Caplan acted in retaliation for Spikes appealing, or that Caplan conspired to keep Spikes's conviction standing, all in violation of Spikes's Sixth, Eighth, and Fourteenth Amendment rights. *Id.* ("Matthew Caplan is a defendant and he's an attorney for the 22nd District Court he is retaliating for appealing and successful Habeas Corpus. The Eastern District of Louisiana adopted

6

Spikes previously raised claims of insufficient evidence and that Caplan engaged in prosecutorial misconduct on appeal by making false statements in his brief in his first § 2254 petition, which the Magistrate Judge reviewed and found to be an insufficient bases for habeas relief.[20] Although it is unclear, the Court infers that Spikes is referring to the same prosecutorial misconduct and false statements in Caplan's brief on appeal when he argues that Caplan is depriving him of his Sixth, Eighth, and Fourteenth Amendment rights.[21] Therefore, this petition is a successive § 2254 motion and must be dismissed or transferred to the United States Fifth Circuit Court of Appeals for authorization in accordance with 28 U.S.C. § 2244 and § 2254.

**IV**.

Accordingly,

**IT IS ORDERED** that the motion is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

New Orleans, Louisiana, September 3, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

the Report and Recommendation on June 11, 2019 accepting my state applications and dismissing my federal applications with prejudice. He is depriving me out of life and liberty and enjoyment of rights."); *see also* R. Doc. No. 5, at 6–7 ("This judgment was sent to Matthew Caplan and he conspired with William J. Knight and Warren Montgomery to keep the conviction standing and depriving me out of my rights.").

[20] *See* CV 18-8884 R. Doc. No. 51.

[21] Even if Spikes's statements about Caplan were construed as a new claim not previously raised, such as that he retaliated against Spikes for appealing and/or conspired to keep Spikes's conviction standing, this petition is still a successive § 2254 motion because the new claim does not "rel[y] on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez*, 545 U.S. at 529 (citing 28 U.S.C. § 2244(b)(2)).

7